# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JIMI P. MCDONALD,**

        **Petitioner,**

        v.                                                  **Case No. 15-CV-566**

**JUDY P. SMITH,**[1]

        **Respondent.**

## DECISION AND ORDER

### I. Background

On December 16, 2005, plaintiff Jimi P. McDonald was sentenced to five years in prison and two years of extended supervision for one count of substantial battery with use of a dangerous weapon "stemming from a September 2004 incident in which he battered someone with a tire iron during a bar brawl." (ECF Nos. 13-1; 13-5, ¶ 2.) That sentence was stayed and McDonald was placed on three years of probation. (ECF No.

---

[1] Records of the Wisconsin Department of Corrections state that petitioner Jimi P. McDonald is currently incarcerated at Oshkosh Correctional Institution, http://offender.doc.state.wi.us/lop/, and the warden of this institution is Judy P. Smith, http://doc.wi.gov/families-visitors/find-facility/oshkosh-correctional-institution (last visited December 5, 2016). Therefore, in accordance with Rule 2(a) of the Rules Governing Section 2254 Cases and Fed. R. Civ. P. 25(d), the caption is updated accordingly.

13-1.) The court ordered the sentence to be served consecutive to any other sentence. (ECF Nos. 13-1; 13-2 at 32.)

At the time of sentencing McDonald was serving an unrelated sentence in Illinois. McDonald's Wisconsin probation agent sent him a letter on October 23, 2007, reminding McDonald that he was required to notify her upon his release from Illinois custody. (ECF No. 13-2 at 32.) McDonald was released from Illinois custody on November 16, 2007. (ECF No. 13-2 at 32.) He did not notify his probation agent of his release, and when his probation agent learned of his release she issued an apprehension request on December 19, 2007. (ECF No. 13-2 at 32.)

On January 24, 2008, McDonald was arrested in Illinois for robbing a gas station. The Wisconsin probation agent cancelled the apprehension request but asked Illinois to hold McDonald for the Wisconsin Department of Corrections. (ECF No. 13-2 at 32.) McDonald apparently remained in pretrial custody in Illinois until January 5, 2009, when he was convicted of the robbery and sentenced to five years in prison. (ECF No. 13-2 at 32.) He received 346 days of credit toward the Illinois sentence for the time he spent in pretrial detention. He was released from prison in Illinois on November 26, 2012. (ECF No. 13-2 at 32.) He was then extradited to Wisconsin, where he stipulated to the revocation of his probation in the substantial battery case. (ECF No. 13-2 at 32.)

The question as to the amount of credit to which McDonald was entitled on his revocation sentence was first presented to an administrative law judge (ALJ). The ALJ

concluded that McDonald was entitled to sentence credit for the time he spent in pretrial detention in Illinois. However, he was "not entitled to credit for the time he began to serve the new Illinois sentence (January 5, 2009) through the date he paroled on that Illinois sentence and became available to Wisconsin (November 26, 2012)." (ECF No. 13-2 at 32.) The ALJ stated, "Case law provides that an offender is not entitled to custody credit for time served after he was sentenced in a different state because the sentencing in the other state severed the connection between his custody and Wisconsin. *See State v. Beets*, 124 Wis.2d 372, 369 N.W.2d 382 (1985); *see also State v. Carter*, 2007 WI App 255, 306 Wis.2d 350, 743 N.W.2d 700." (ECF No. 13-2 at 32.)

The Division of Hearing and Appeals agreed with the ALJ's decision. (ECF No. 13-2 at 34-35.) McDonald sought certiorari review in the circuit court, which the court also construed as a petition for a writ of habeas corpus. (ECF No. 13-2 at 36-41.) The circuit court denied McDonald relief (ECF No. 13-2 at 36-41) and McDonald appealed (ECF No. 13-2).

> He argued that he also was entitled to credit from January 5, 2009 to November 26, 2012, the time he served for the Illinois robbery, because he was on a Wisconsin probation hold during that time. Alternatively, he argued that at a minimum he should be credited with the last thirty-six months of his Illinois sentence because under "standard Illinois procedure he would have been released when he became 36 months short of his mandatory release date," but was "forced" to serve the remainder due to the probation hold.

(ECF No. 13-5, ¶ 5.)

Relying on state law the Wisconsin Court of Appeals concluded that McDonald was not entitled to credit for the time he spent serving the sentence in Illinois for conduct unrelated to his Wisconsin sentence. McDonald argued that he served the last three years in custody only because of an Illinois policy precluding release for persons who are subject to detainers; but for the Wisconsin detainer, he alleged, he would have been released three years earlier. (ECF No. 13-5, ¶ 10.) The court of appeals found that McDonald failed to show that the Wisconsin detainer, in fact, kept him in custody any longer than he otherwise would have been incarcerated. (ECF No. 13-5, ¶ 10.)

The court of appeals also rejected McDonald's argument that his right to due process was violated by the Department of Correction's failure to commence revocation proceedings before he completed the Illinois sentence, despite McDonald's repeated requests that it do so. (ECF No. 13-5, ¶¶ 11-15.) The Wisconsin Supreme Court denied review (ECF No. 13-8), and on May 11, 2015, McDonald filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petition was initially assigned to the Honorable Lynn Adelman, who screened the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. (ECF No. 5.) In addition to ordering the respondent to answer the petition, Judge Adelman set deadlines for the parties to submit their respective briefs. (ECF No. 5.) The case was subsequently reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge. (ECF Nos. 4, 8, 10.)

Although the respondent answered the petition (ECF No. 13), McDonald did not submit anything further. The deadline for doing so having long since passed, McDonald's petition is subject to dismissal pursuant to Civil Local Rule 41(c) for his failure to diligently prosecute this action. Nonetheless, the court will proceed to consider McDonald's claim on its merits, relying on the record as it currently exists.

## II.  McDonald's Habeas Claims

McDonald presents four overlapping claims for relief in his petition. Ground One contends that each day McDonald spent in custody in Illinois should have counted toward his Wisconsin sentence, either by way of his right to statutory sentence credit or by way of a statutory right to serve his sentences concurrently. (ECF No. 1 at 6-7.) Alternatively, he argues that he should have received credit for the last 36 months he served in Illinois. (ECF No. 1 at 7.) Ground Two alleges that McDonald's right to due process was violated by Wisconsin's failure to hold a revocation hearing during the time he was incarcerated in Illinois. (ECF No. 1 at 7-8.) This delay allegedly affected his eligibility for certain opportunities in prison. (ECF No. 1 at 8.) Ground Three generally restates McDonald's second ground as a violation of his right to a speedy trial. Finally, Ground Four contends that McDonald's right to equal protection was violated by the delays in commencing his revocation hearing, the denial of credit for time spent in custody in Illinois, the denial of the opportunity to serve his Wisconsin sentence concurrent to his Illinois sentence, and being treated differently than other Illinois

inmates due to the Wisconsin hold. (ECF No. 1 at 9.) In sum, McDonald has three complaints: he should receive credit toward his Wisconsin sentence for more, if not all, of the time he spent in Illinois custody; his Wisconsin sentence should have been served concurrent with his Illinois sentence; and Wisconsin should have been quicker to revoke his probation.

### A. Counting Time Spent in Illinois Custody Toward Wisconsin Sentence

McDonald contends that each day he spent in custody in Illinois should have counted toward his Wisconsin sentence, either by way of his right to statutory sentence credit or by way of a statutory right to serve his sentences concurrently.

There are two common ways by which an inmate might receive double credit for time spent in custody. The first is what is commonly referred to as sentence credit, which is largely automatic, a matter of statute, and generally applies to time in custody before trial.[2] The second is when a court imposes a sentence to run concurrent, as opposed to consecutive, to another sentence and applies only to time spent in custody post-conviction.

#### 1. Sentence Credit

The court begins with the time McDonald spent in custody in Illinois awaiting trial on the robbery charge. McDonald contends that, but for Wisconsin's hold, he

---

[2] This is distinct from "sentence credit" in the sense of credit earned towards early release--for example, for good behavior in some jurisdictions.

6

Case 2:15-cv-00566-WED Filed 12/06/16 Page 6 of 13 Document 16

would have been released on bond. Due to Wisconsin delaying action on its hold, McDonald was unnecessarily kept in custody.

Under Wisconsin law "[a] convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed." Wis. Stat. § 973.155(1)(a). The ALJ concluded that McDonald's time in custody awaiting trial in Illinois was related to the Wisconsin battery because Wisconsin's probation hold was in place. Because that time in custody in Illinois was "spent in custody in connection with the course of conduct for which sentence was imposed," it was credited toward the time he was eventually ordered to serve for the Wisconsin battery. *See State v. Carter*, 2010 WI 77, ¶ 53. Illinois has a similar law, 730 ILCS 5/5-4.5-100(b), (c), and thus each day McDonald spent in custody awaiting trial in Illinois counted toward both the Illinois robbery and the Wisconsin battery convictions.

Because the time McDonald spent awaiting trial in Illinois was double-counted toward both his Illinois and Wisconsin sentences, he cannot show that he will spend any additional time in custody as a result of Wisconsin's decision not to proceed with revocation while he was awaiting trial in Illinois. In fact, Wisconsin's delay might have actually shortened the overall time McDonald will spend in custody because it resulted in the period of pretrial detention counting toward both his Illinois and Wisconsin sentences. Therefore, there is no merit to this aspect of McDonald's claim.

Once the Illinois court sentenced McDonald to serve five years in prison for the Illinois robbery, he was no longer in custody by virtue of the hold placed on him as a result of the Wisconsin battery conviction. Thus, McDonald could not rely on statutory sentence credit under Wis. Stat. § 973.155(1)(a) as a means for double-counting the years he was in prison for the Illinois robbery.

**2. Concurrent Sentences**

Under Wisconsin law a sentencing court "may provide that any such sentence be concurrent with or consecutive to any other sentence imposed at the same time or previously." Wis. Stat. § 973.15(2)(a). When the Wisconsin court sentenced McDonald, it lacked the authority to order that its sentence was to be served either concurrent or consecutive to any future sentence that might be later imposed. But even if the Wisconsin court had such authority, the terms of the Wisconsin court's sentence would not assist McDonald's present argument because the court ordered its sentence to be served *consecutive* to any other sentence.

Under current Illinois law there is a presumption that, if a person sentenced in Illinois is serving a sentence in another state, the Illinois sentence will be concurrent with the sentence of the other state. 730 ILCS 5/5-8-4(a). However, that presumption did not exist prior to July 1, 2009, *see* Ill. ALS 1052. Under the law in effect when McDonald was sentenced for the Illinois robbery, "[w]hen multiple sentences of imprisonment are imposed on a defendant at the same time, or when a term of imprisonment is imposed

on a defendant who is already subject to sentence in this State or in another state, … the sentences shall run concurrently or consecutively as determined by the court." *See also State v. Brown*, 2010 WI App 43, ¶9 (citing *People ex rel. Hesley v. Ragen*, 396 Ill. 554, 72 N.E.2d 311, 315-16 (1947)) (Illinois "considers sentences of imprisonment in different sovereignties as consecutive sentences*.*"). Thus, McDonald has failed to support his claim to a "statutory right to serve his sentences concurrent." (ECF No. 2 at 2.)

Even if he does not have a statutory right to have his sentences run concurrently, McDonald asserts that the Illinois court actually ordered that his Illinois sentence was to run concurrent with his prior Wisconsin sentence. (ECF No. 2 at 1-2.) However, he offers no support for that claim. The Illinois robbery judgment makes no mention of the Wisconsin battery conviction. (ECF No. 13-6 at 45.) The only reference in the judgment to any prior conviction is to two prior Illinois cases. (ECF No. 13-6 at 45.) And the court ordered that McDonald serve the robbery sentence *consecutive* to the sentences imposed in those two cases. That strongly suggests that the Illinois court intended that McDonald *not* get double-credit for time spent serving the Illinois robbery sentence. (ECF No. 13-6 at 45.) The fact that McDonald received credit in both his Wisconsin and Illinois cases for the time spent awaiting trial in Illinois does not, in any way, indicate that the Illinois court ordered the Illinois sentence was to be served concurrent to the Wisconsin sentence.

9

Case 2:15-cv-00566-WED   Filed 12/06/16   Page 9 of 13   Document 16

In the absence of evidence that the Illinois court ordered its sentence was to be served concurrent to the Wisconsin sentence, McDonald has failed to prove that he is in custody as a result of Wisconsin's delay in pursuing revocation of his probation. Stated another way, McDonald has failed to demonstrate that he would be spending less time in custody had Wisconsin immediately revoked his probation.

Habeas corpus relief under § 2254 is limited to claims that involve the right to be released. *See* 28 U.S.C. § 2254(a); *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009) ("It is the custody itself that must violate the Constitution."). Federal courts may grant relief in habeas claims only when a violation of clearly established federal law led to the petitioner being in custody. It is not enough that the petitioner is in custody; the petitioner's custody must be the result of the alleged violation of federal law. *See Virsnieks v. Smith*, 521 F.3d 707, 720–21 (7th Cir. 2008).

McDonald's claim fails at this threshold consideration. Thus, it is unnecessary for the court to consider the subsequent question of whether the Wisconsin court's denial of relief to McDonald was contrary to or an unreasonable application of clearly established federal law. Having failed to show that his custody was prolonged due to Wisconsin's delay, McDonald is not entitled to habeas relief.

B. **Effect of Wisconsin's Probation Hold**

McDonald also argues that Wisconsin unconstitutionally delayed its revocation proceedings. McDonald contends that absent Wisconsin's unexecuted hold he would

have been afforded additional prison programming and released earlier from prison in Illinois. (ECF No. 1 at 7-8.) According to McDonald, but for Wisconsin's probation hold, "under normal Illinois' [sic] procedures he would have been released from imprisonment at 36 months short of his mandatory release date". (ECF No. 2 at 2.) However, McDonald does not identify the source of the alleged "normal Illinois procedures" nor does he identify what procedures he is talking about. Neither before the court of appeals (*see* ECF No. 13-5, ¶ 10) nor before this court has McDonald cited any statute, regulation, rule, or case setting forth these alleged procedures.

McDonald was sentenced to serve five years in prison in Illinois. That sentence was consecutive to two other Illinois sentences. McDonald has not presented evidence of how long these other sentences were. He ended up spending from January 24, 2008, through November 26, 2012, in Illinois custody, a total of four years, ten months, and two days. Under Illinois law, under the best of circumstances, inmates can generally expect to serve, at a minimum, 50 percent of their sentences. *See* 730 ILCS 5/3-6-3. Given the unknown amount of time left to serve on the two consecutive Illinois sentences referenced in the Illinois sentencing document (ECF No. 13-6 at 45), and the uncertainty of good time credit, on its face the term of incarceration that McDonald ended up serving does not appear inconsistent with the "normal Illinois procedures" the court is able to identify as set forth in 730 ILCS 5/3-6-3.

11

Case 2:15-cv-00566-WED   Filed 12/06/16   Page 11 of 13   Document 16

McDonald has failed to demonstrate that Wisconsin's unpursued probation hold caused him to serve additional time in Illinois custody (thus delaying the commencement of his Wisconsin sentence and his eventual release from custody).

As for his claim that Wisconsin's hold led to him being denied "rehabilitation serv[ices], transfers and jobs / release" (ECF No. 1 at 8), McDonald offers nothing to support the claim. McDonald having failed to develop or support this claim, the court will not consider it further.

C. **Speedy Trial**

McDonald argues that Wisconsin violated his constitutional right to a speedy trial by delaying his revocation proceeding. He contends that as a result he "suffered an oppressive pretrial incarceration," "was subjected to unnecessary anxiety," his "defense was impaired," and he "lost his statutory right to serve his sentences concurrent." (ECF No. 1 at 8.)

As to the last point, as discussed above, McDonald has failed to demonstrate any such statutory right to serve his Wisconsin revocation sentence concurrent with his Illinois robbery sentence. As to the other points, McDonald has failed to show that the delay prejudiced him in any way. McDonald has failed to present any evidence that the outcome of the Wisconsin revocation proceedings would have been any different had they occurred sooner.

12

### III. Conclusion

McDonald has failed to demonstrate any right to serve his Wisconsin sentence concurrent to the Illinois sentence. Nor has McDonald shown that he was entitled to any additional credit toward his Wisconsin sentence for time he spent in custody in Illinois. Even if Wisconsin had immediately revoked his probation, McDonald has failed to show that it would have resulted in him spending less time in custody. Thus, McDonald has failed to show that his custody is the result of any alleged violation of federal law, much less a violation of clearly established federal law and that the court of appeals' decision to the contrary was unreasonable. Consequently, the court must deny McDonald habeas relief.

Finally, in accordance with 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2254 Cases, the court finds that McDonald has failed to make a substantial showing of a denial of a constitutional right. Therefore, the court denies McDonald a certificate of appealability.

**IT IS THEREFORE ORDERED** that McDonald's petition for a writ of habeas corpus is denied and this action is dismissed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 6th day of December, 2016.

WILLIAM E. DUFFIN
U.S. Magistrate Judge